# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MARGARET GOMEZ, surviving mother of JENNIFER FRIES, deceased,

    Plaintiff,

vs.

BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, and
NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

    Plaintiff, by and through her attorneys, GODFREY & LAPUYADE, P.C. and Schuetze & Gordon LLP, for her complaint herein, avers as follows:

    1.    This action arises from a train/motor vehicle collision that occurred on or about October 15, 2008, on the mainline track for trains, including passenger trains. Jennifer Fries was driving her motor vehicle on Ash Avenue in Las Animas, Colorado when her vehicle was struck by a train owned and operated by the Defendant, National Railroad Passenger Corporation ("Amtrak"). Jennifer Fries was killed as a result of the collision.

    2.    Plaintiff, Margaret Gomez, is a resident of Las Animas, Colorado.

    3.    Plaintiff, Margaret Gomez, is the surviving mother and lawful heir of Jennifer Fries, deceased.

    4.    Defendant National Railroad Passenger Corporation (hereinafter "Amtrak") was a corporation created pursuant to an act of Congress, 45 U.S.C. § 501, *et seq*, having its principal place

of business and place of domicile and citizenship in the District of Columbia, and doing business in, *inter alia,* Colorado. Amtrak's principle place of business within the State of Colorado is 1701 Wynkoop Street, Union Station, Denver, Colorado 80202.

5. Defendant, Burlington Northern and Santa Fe Railway Company ("BNSF") is a Delaware corporation having its principal place of business in Fort Worth, Texas and its principal place of business within Colorado at 3700 Globeville Road, Denver, Colorado 80216. BNSF's registered agent for service of process is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

8. Defendant Amtrak operates it passenger trains over the mainline track from Chicago, Illinois to Los Angeles, California over and through the public railroad/street crossing at Ash Avenue in Las Animas, Colorado. Amtrak has the duty to operate its trains safely with respect to its passengers and the public who use the public railroad/street crossings along its route.

9. At the time of the collision, the Amtrak train was operating on the mainline tracks owned and maintained by the Defendant BNSF. The Ash Avenue public railroad/street crossing (Ash Avenue crossing) is formed by the mainline tracks and the passing tracks (siding) that cross the public street in Las Animas. This railroad/street crossing has a high amount of vehicular and train traffic. The Ash Street crossing is more than ordinarily hazardous. Trains often park on the passing track (siding) in close proximity to the Ash Avenue crossing making it extremely difficult or

impossible for motorists to see trains approaching the crossing on the mainline. The Ash Avenue crossing is not equipped with safety gates.

10.     Defendant Amtrak operates its trains on the mainline tracks over the Ash Avenue crossing pursuant to agreement with Defendant BNSF.

11.     At the time of the collision, a westbound train owned and operated by Defendant BNSF was stopped on the passing track (siding) so that the westbound Amtrak train could pass it on the mainline track. The BNSF train was stopped in dangerously close proximity to Ash Avenue causing the flashing light signals at the crossing to operate. For a period of 20 minutes or longer, vehicles operating on Ash Avenue would come to the crossing and seeing the flashing light signals and the stopped train proceed over the crossing.

12.     The BNSF train crew were in a position to see vehicular traffic continue to use the crossing. The BNSF crew could see that the traffic proceeded across the tracks believing the flashing light signals were operating for their stopped train. The BNSF train crew knew that the westbound Amtrak train was approaching the crossing at a high rate of speed. The BNSF train crew knew that its parked train would block the view of the approaching Amtrak train for northbound vehicular traffic on Ash Avenue. The BNSF train crew did nothing to warn motor vehicles approaching the Ash Avenue crossing of this extremely dangerous condition.

13.     The BNSF train crew did warn the Amtrak train crew of the extremely dangerous condition. The Amtrak train did nothing to slow or brake the train nor did they follow proper procedures and regulations for operating their train over this crossing.

14.     Jennifer Fries was operating her vehicle northbound on Ash Avenue. Ms. Fries stopped at the flashing light signals. Seeing that the BNSF train was stopped at the crossing, she

proceeded to cross the tracks and was struck by the high speed westbound Amtrak train. Ms. Fries was killed instantly by the impact of the collision.

15. At the time of the collision, Defendant BNSF did not provide a safe railroad/street crossing. The unreasonably dangerous condition of the crossing, the conduct of the Defendant BNSF train crew and the conduct of the Defendant Amtrak train crew was the direct and proximate cause of the death of Jennifer Fries.

16. As a result of the death of Jennifer Fries, Plaintiff has sustained substantial damages and losses including, but not limited to, economic losses, grief, loss of consortium, loss of society, loss of emotional and physical companionship and comfort, and other losses and damages as may be determined.

## FIRST CLAIM FOR RELIEF
### (Premises Liability - Defendant BNSF)

17. All previous allegations are incorporated as if set forth herein.

18. Defendants BNSF is a landowner as defined by C.R.S. § 31-21-115(1) for the property defined by the railroad right-of-way including the mainline track, the passing track (siding) and the adjacent land approximately 50 feet either side of the these tracks.

19. Because of the public nature of the Ash Avenue crossing, members of the motoring public, including Jennifer Fries, are and expected to enter upon the land of the Defendant. At all relevant times, Jennifer Fries, was an "invitee" as that term is defined in C.R.S. § 13-21-115 (5)(a).

20. Defendant breached its duty of care under C.R.S. § 31-21-115 in, but not limited to, the following respects, so as to directly and proximately cause the death of Jennifer Fries:

    a. Failure to conduct safe train operations at the subject crossing.

      b.      Failure to give adequate warning of the dangerous condition at the subject crossing.

      c.      Failure to prevent and/or correct the deceptive, confusing and unsafe conditions existing at the subject crossing prior to and at the time of the collision.

      d.      Failure to properly supervise and instruct the locomotive train crews.

      e.      Failure to provide a safe crossing.

      f.      Failure to stop its train at a sufficient distance east of the Ash Avenue crossing so that the flashing light signals would not operate unless and until the Amtrak train was approaching the crossing.

      g.      Failure to stop its train at a sufficient distance east of the Ash Avenue crossing to allow northbound motorists a clear view of other trains approaching the crossing.

      h.      Failure to occupy the crossing or have a flagman present to warn of the approaching Amtrak train.

21.    The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused by Defendant's unreasonable failure to exercise reasonable care to protect against dangers of which Defendant actually knew or should have know.

22.    The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused by Defendant's unreasonable failure to exercise reasonable care with respect to dangers created by the Defendant of which Defendant actually knew.

23.    The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused willfully or deliberately by the Defendant.

## SECOND CLAIM FOR RELIEF
### (Premises Liability - Defendant Amtrak)

24. All previous allegations are incorporated as if set forth herein.

25. Defendants Amtrak is a landowner as defined by C.R.S. § 31-21-115(1) for the property defined by the railroad right-of-way including the mainline track, the passing track (siding) and the adjacent land approximately 50 feet either side of the these tracks.

26. Because of the public nature of the Ash Avenue crossing, members of the motoring public, including Jennifer Fries, are and expected to enter upon the land of the Defendant. At all relevant times, Jennifer Fries, was an "invitee" as that term is defined in C.R.S. § 13-21-115 (5)(a).

27. Defendant breached its duty of care under C.R.S. § 31-21-115 in, but not limited to, the following respects, so as to directly and proximately cause the death of Jennifer Fries:

    a. Failure to conduct safe train operations at the subject crossing.

    b. Failure to give adequate warning of the dangerous condition at the subject crossing.

    c. Failure to prevent and/or correct the deceptive, confusing and unsafe conditions existing at the subject crossing prior to and at the time of the collision.

    d. Failure to properly supervise and instruct the locomotive train crews.

    e. Failure to provide a safe crossing.

    f. Failure to slow or brake its train at a sufficient distance east of the Ash Avenue crossing so as not to unreasonably endanger motorists at the crossing.

    h. Failure to stop and flag the crossing

28. The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused by Defendant's unreasonable failure to exercise reasonable care to protect against dangers of which Defendant actually knew or should have know.

29. The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused by Defendant's unreasonable failure to exercise reasonable care with respect to dangers created by the Defendant of which Defendant actually knew.

30. The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused willfully or deliberately by the Defendant.

### THIRD CLAIM FOR RELIEF
### (Vicarious Liability - Defendants BNSF and Amtrak)

31. All previous allegations are incorporated as if set forth herein.

32. Defendants are vicariously liable for the acts and omissions of its employees committed in the course and scope of their employment.

33. At all times relevant, the train crews operating the subject trains and their supervisors and superiors were acting within the course and scope of their employment.

34. The death of Jennifer Fries and resultant damages and losses of the Plaintiff were proximately caused by the acts and omissions of Defendants' employees.

### FOURTH CLAIM FOR RELIEF
### (Negligence - Defendant BNSF)

35. All previous allegations are incorporated as if set forth herein.

36. Defendant BNSF breached its duty of care and was negligent in, but not limited to, the following respects, so as to directly and proximately cause the death of Jennifer Fries:

    a. Failure to conduct safe train operations at the subject crossing.

    b. Failure to give adequate warning of the dangerous condition at the subject crossing.

    c. Failure to prevent and/or correct the deceptive, confusing and unsafe conditions existing at the subject crossing prior to and at the time of the collision.

    d. Failure to properly supervise and instruct the locomotive train crews.

    e. Failure to provide a safe crossing.

    f. Failure to stop its train at a sufficient distance east of the Ash Avenue crossing so that the flashing light signals would not operate unless and until the Amtrak train was approaching the crossing.

    g. Failure to stop its train at a sufficient distance east of the Ash Avenue crossing to allow northbound motorists a clear view of other trains approaching the crossing.

    h. Failure to occupy the crossing or have a flagman present to warn of the approaching Amtrak train.

37. The damages and losses sustained by the Plaintiff as set forth above are a direct and proximate result of the negligence of the Defendant BNSF.

### FIFTH CLAIM FOR RELIEF
### (Negligence - Defendant Amtrak)

38. All previous allegations are incorporated as if set forth herein.

39. Defendant Amtrak breached its duty of care and was negligent in, but not limited to, the following respects, so as to directly and proximately cause the death of Jennifer Fries:

    a. Failure to conduct safe train operations at the subject crossing.

      b.      Failure to give adequate warning of the dangerous condition at the subject crossing.

      c.      Failure to prevent and/or correct the deceptive, confusing and unsafe conditions existing at the subject crossing prior to and at the time of the collision.

      d.      Failure to properly supervise and instruct the locomotive train crews.

      e.      Failure to provide a safe crossing.

      f.      Failure to slow or brake its train at a sufficient distance east of the Ash Avenue crossing so as not to unreasonably endanger motorists at the crossing.

      h.      Failure to stop and flag the crossing

40.    The damages and losses sustained by the Plaintiff as set forth above are a direct and proximate result of the negligence of the Defendant Amtrak.

## PRAYER FOR RELIEF

Plaintiff seeks entry of judgment in her favor and against Defendants as follows:

      a.      An award of the full amount of compensatory damages permitted by law for the damages suffered by Plaintiff for the wrongful death of Jennifer Fries;

      b.      An award of pre-judgment interest from the date of injury resulting in death, post-judgment interest, expert witness fees, and costs against Defendants to the extent permitted by law; and

      c.      Such further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

DATED this 13th day of October, 2010.

                              GODFREY & LAPUYADE, P.C.

                              s/David R. Struthers
                              David R. Struthers
                              Keith D. Lapuyade
                              Martha Merrill-Hall
                              9557 South Kingston Court
                              Englewood, CO 80112-5952
                              303-228-0700
                              303-228-0701 (facsimile)
                              struthers@godlap.com
                              lapuyade@godlap.com
                              merrill-hall@godlap.com

                              SCHUETZE & GORDON LLP

                              s/Robert A. Schuetze
                              Robert A. Schuetze
                              1260 Yellow Pine Avenue
                              Boulder, Colorado 80304
                              303-444-5944
                              bob@schuetze-gordon.com

Address of Plaintiff:

904 6th Street
Las Animas, Colorado  81054